# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

FILED
CHARLOTTE, NC

FEB 27 2014

US District Court
Western District of NC

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) | |
| Plaintiff, ) ) ) | |
| vs. ) | Civil Action |
| DAWN WRIGHT-OLIVARES and DANIEL OLIVARES, ) ) ) | No. 3:13CV 700-GCM |
| Defendants, ) ) | |

## FINAL JUDGMENT AS TO DEFENDANT DANIEL OLIVARES

The Securities and Exchange Commission having filed a Complaint and Defendant Daniel Olivares having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment as to Olivares by personal service or otherwise are permanently restrained and enjoined from directly or indirectly participating in, or facilitating, the solicitation of any investment in any security or in the offering of any security, provided, however, that such injunction shall not prevent Defendant from purchasing or selling securities listed on a national exchange for his own personal account.

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall disclaim and relinquish all legal and equitable right, title, claim, or interest in Rex Venture Group LLC, including: all subsidiaries, whether incorporated or unincorporated; all businesses or business names under which it does business and; and all assets in Rex Venture Group LLC's possession, custody or control, including assets held in accounts in any financial institution.

**V.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $3,152,55.260, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $120,378.38, for a total of $3,272,934.58. Defendant's payment of disgorgement and prejudgment interest shall be deemed satisfied upon entry of a restitution order and/or forfeiture order requiring Defendant to pay an amount equal to or greater than $3,272,934.58 in *United States v. Daniel Olivares*, Crim. No. 3:13CR235-MOC (W.D.N.C.).

**VI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: 27 Feb 2014

*[signature]*
UNITED STATES DISTRICT JUDGE